UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

* * * * * * * * * * * * * * * *
United States of America     *
                             *
                             *
    v.                       *     Case No.  10-CR-85-SM
                             *
                             *
Beatrice Munyenyezi          *
* * * * * * * * * * * * * * * *

## PROTECTIVE ORDER

The parties in the above action have agreed upon the terms of the within Protective Order relating to certain discovery, and therefore the Court orders as follows:

1. The Government asserts that it has a reasonable and legitimate purpose in limiting the dissemination of discovery materials in this case in order to protect the safety of certain Government witnesses.  This Protective Order is intended to limit the disclosure of the identities of such witnesses by restricting the dissemination of information that identifies, or reasonably tends to identify, such witnesses as Government witnesses.  This Protective Order is also designed to allow the defense to engage in reasonable and effective investigative efforts and trial preparation in order to provide a meaningful defense to the defendant.  This Protective Order is intended to cover statements of witnesses, reports of interviews, or other documentation or articles of physical evidence that identifies, or that tends to indentify, any witness in the case over whom the Government claims a legitimate interest in protecting the safety of the witness due to the witness' participation as a Government witness in this case.

2. Defense counsel, its employees, and any independent investigator or expert retained by defense counsel, will not reproduce and will not disclose to any member of the

1

public, media, defense counsel in other cases, potential witnesses, or family of the defendant the contents or copies of any of the discovery materials which discloses or tends to disclose the identity of specific witnesses who appear to have been present in Rwanda at the time of the 1994 Genocide, and who the Government identifies as potential trial witnesses.  This prohibition does not restrict the ability of the receiving party to utilize, for example, the reports of interviews and the substance of the information they contain, or to disclose such information, as long as the identities of potential government witnesses is not revealed or discernable through said use.

       3.       In order to permit the defendant to assist in the preparation of her own defense and to confront her accusers, defense counsel may disclose to the defendant redacted copies of witness statements, reports of interviews, and other discovery.

       4.       Within fourteen (14) days of the date of this Protective Order, the government agrees to provide defense counsel with a set of redacted discovery materials referenced in paragraph 3 which does not disclose the identity of witnesses for purpose of production to the defendant, and to provide a set of unredacted discovery materials for use by defense counsel consistent with this order.

       5.       A party who receives information covered by this Order will not disclose to anyone that a specific individual is expected to be a Government witness in this case.  This prohibition does not restrict the ability of the receiving party to question potential defense witnesses and others about individuals identified as government witnesses, as long as said individuals are not identified as government witnesses and said questioning is not done in a manner that reveals their identity as such or makes said fact (that they are government witnesses) otherwise discernable.

6.     Defense counsel agree not to provide access to any information which can tend to disclose the identity of witnesses to anyone who has not signed this Order (and returned a signed acknowledgement of this Order to the Government or filed it under seal with the Court). Counsel's investigators and employees, who will have access to the discovery, must also sign this Order.

7.     Twenty-one days prior to the commencement of trial, defense counsel will be permitted to disclose the identity of witnesses to the Defendant and to only those individuals necessary to responsibly defend the case.  Such disclosures shall not include members of the press or any other individual or entity for which it is likely that the identity of these witnesses will be widely disclosed.  In addition, defense counsel will instruct any recipient of witness' identities that they are not to further disclose such information, and shall keep a record of all those individuals to whom such information was disclosed.  The receiving parties will further require that anyone to whom they disseminate this information must acknowledge, in writing, and abide by this Protective Order.  The receiving parties will take all reasonable steps, acting in good faith, to minimize disclosure of witness identity information and to minimize risk to the personal safety or well-being of any witness in this case.

8.     Upon the termination of these proceedings (which extends to any appeal or collateral attach and any appeal therefrom continuing until the denial of any petition for the *writ of certiorari* by the U.S. Supreme Court, or the passage of time within which such a petition must be filed) all witness identifying materials shall be returned forthwith to the United States or to the Court or be destroyed and verify in writing to government counsel that such materials have been destroyed absent further court order to the contrary.  It will be the burden of the U.S.

Government to identify for defense counsel in writing the time of the termination of the criminal proceedings in the same criminal case.

    9.    Any modification of this Order will only be done by order of the Court.

                                              For the Government,

                                              Gretchen Leah Witt,
                                               Attorney for the United States,

                                              Acting Under Authority
                                              Conferred by 28 U.S.C. §515

September 27, 2010                        By: /s/Jeffrey Auerhan_____
                                              Jeffrey Auerhahn
                                              Special Assistant U.S. Attorney
                                              (617) 748-3187

                                              By: /s/Aloke S. Chakravarty_____
                                              Aloke S. Chakravarty
                                              Special Assistant U.S. Attorney
                                              (617) 748-3658


                                              For the Defendant

                                              Beatrice Munyenyezi

September 27, 2010                        By: */s/ David W. Ruoff*_____
                                                David W. Ruoff, Esquire
                                              Bar No.12151
                                              1850 Elm Street
                                              Manchester, NH  03104
                                              (603) 625-1254

September 27, 2010                        By: */s/ Mark E. Howard*_____
                                                Mark E. Howard, Esquire
                                              Bar No. 4077
                                              1850 Elm Street
                                              Manchester, NH  03104
                                              (603) 625-1254

So Ordered:

```
 Landya B. McCafferty
```
Landya McCafferty
United States Magistrate Judge

```
 September 28, 2010
```
Date

5