UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
      Government

      v.                              Criminal No. 10-cr-85-1-SM

Beatrice Munyenyezi,
      Defendant

**O R D E R**

Defendant's motion to continue the trial date is granted. Although the current trial date (May 17, 2011) was agreed to by the parties as reasonable under the circumstances, and although the court stressed at the scheduling hearing on July 16, 2010, that counsel should treat the date as firm and diligently prepare, still, defense counsel assert, for various reasons, that they require additional time to adequately prepare a defense.

This is both an unusual and complex case in several respects.  Essential to this prosecution is the government's factual assertion that the defendant participated in the Rwanda genocide.  Critical witnesses for the government and defendant reside in Rwanda, and counsel for both sides must necessarily travel to Rwanda to investigate, marshal evidence, and make arrangements for witnesses to come to the United States to testify.  Defense counsel have not yet done so.  Language

barriers, differences in customs, and international relations issues all add other complexities that must be navigated. Discovery and relevant investigatory materials are voluminous, and include thousands of pages of testimony given before international tribunals. Realistically, the prosecution involves a case within a case — before the charged offense can be proven, defendant's participation in the genocide must be proven.

While defense counsel probably could have been more diligent in preparing for trial according to the set schedule, the complexity of the case and unusual obstacles they face cannot be casually dismissed. Certainly, both appointed counsel are quite capable, responsible, and reliable — the court does not doubt their good faith representation that more time is needed to prepare if defendant is to have the adequate representation guaranteed by the Constitution.

The defendant, perhaps optimistically, seeks a delay of only eighty (80) days beyond the current trial date. While the court's trial schedule can accommodate that request, the government protests. Government counsel rightly point out that the court made it clear at the July 16 hearing that general pleas for more time to prepare would not be favorably received, and the trial date was considered firm. Relying on that circumstance,

government counsel understandably committed to two other equally complicated and complex trials in July and October of 2011. Beginning on July 11, 2011, government counsel will be in trial in the District of Massachusetts in <u>United States v. Kantenqwa</u>, Crim. No. 10385-RGS, which also involves allegations related to the 1994 Rwanda genocide.  Trial is expected to close well after the August 2, 2011, date that defense counsel propose to begin the trial in this case.  Shortly thereafter, on October 3, 2011, government counsel will be in trial in <u>United States v. Mehanna</u>, Crim. No. 09-10017-GAO, also in the District of Massachusetts. <u>Mehanna</u> involves allegations of terrorism and is expected to require two months to complete, and, government counsel realistically predict that they will need two months to prepare after the trial in <u>Kantenqwa</u> is complete.

    This case and the other two referenced cases are assigned to specific government trial counsel, and counsel have already invested substantial time and energy in their preparation.  It is difficult to fault government counsel for reasonably relying on the firm trial date set here, and certainly the court will not fault government counsel for not anticipating defense counsel's inability to adequately prepare for trial according to the schedule previously set and agreed to.  The delay sought, and the

grounds for it, are attributable to the defense, not the government. The government is ready to proceed on May 17.

A continuance may, of course, be granted under the Speedy Trial Act when a case is so complex that the ends of justice will be served by allowing defense counsel more time to prepare. Morris v. Slappy, 461 U.S. 1, 11 (1983); Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Here, the complexity of the case, and the logistical difficulties associated with its preparation, warrant granting the defendant's request for additional time.

But, that does not end the matter. Defense counsel cannot be permitted to use a legitimate request for additional time to disrupt the reasonable commitments made by the government in reliance upon the firm date previously set, nor to disrupt other firm court schedules developed based upon those commitments. If the defendant's request for delay (eighty days and no more) were granted as filed, the government would be unduly prejudiced in that it would be denied continuity of counsel in this case (or others) since counsel cannot, realistically, be expected to prepare and try two complex lengthy cases at once. Continuity is important here not only because assigned counsel are skilled and experienced, but because they have already invested substantial time and effort in this prosecution, which would have to be

4

duplicated if new counsel were assigned (and that would undoubtedly require an extensive continuance as well).

Among the statutory factors a court "shall consider" in determining whether a criminal case should be continued is "whether the failure to grant such a continuance . . . would unreasonably deny . . . the Government continuity of counsel." 18 U.S.C. § 3161(h)(7)(B)(iv). The government does not join in defendant's request for a continuance, and has asserted that it is fully prepared to keep to the current trial date. Indeed, the government objects to a continuance, pointing out that defense counsel could have been more diligent and their claimed need for more time — a precisely limited period of time — would, if granted, have the direct effect of disrupting the continuity of government counsel in this case, which is plainly a right entitled to some protection under the Speedy Trial Act. See United States v. Richardson, 421 F.3d 17, 30-31 (1st Cir. 2005) (government's need for continuity of counsel is a valid ground for granting a continuance in the interest of justice).

For the reasons discussed above, I find that defendant's request for a continuance to permit defense counsel to adequately prepare for trial is legitimate, and outweighs the best interest of the public and the defendant in a speedy trial. I also find

that to grant the continuance only for the limited eighty-day period requested by defendant would effectively deprive the government of continuity of counsel under the circumstances and, finding the government's brief in opposition persuasive, will continue the trial until the February 2012, trial period, with the following caveat.  Should government counsel become available to try this case sooner, due to changes in the obligations they assumed in reliance upon the firm trial date previously scheduled in this case, they shall advise the clerk.  The court will then endeavor to reschedule an earlier trial date.

The parties are advised that no further continuances will be granted absent genuinely extraordinary circumstances.  Both parties shall prepare diligently with the understanding that the February trial date is firm.  Pretrial status conferences will be scheduled in August and October of 2011 to monitor the status of preparation and timely address any potential impediments to proceeding with trial in February.

## Conclusion

Defendant's motion to continue (document no. 34) is granted, as set forth above.  Trial will be scheduled during the February 2012 trial period.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 20, 2011

cc: David W. Ruoff, Esq.
    Mark E. Howard, Esq.
    Donald A. Feith, AUSA
    Aloke S. Chakravarty, SAUSA
    Jeffrey Auerhahn, SAUSA
    U.S. Probation
    U.S. Marshal