UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
      Government

      v.                                          Criminal No. 10-cr-85-1-SM

<u>Beatrice Munyenyezi</u>,
      Defendant

**O R D E R**

Defendant moves to continue the retrial of this case for several months on grounds that defense counsel require that time to adequately prepare. This case was set for retrial in September after a jury was unable to return a unanimous verdict in the first trial. Ordinarily, a retrial would not require an extended trial preparation period, but this is not an ordinary case.

Having failed to obtain a conviction, the government engaged in additional investigative efforts, and has given notice that it intends to call some eleven new witnesses during the retrial — Rwandan citizens who did not testify during the first trial. It may call some witnesses who did testify previously, but likely will not call most.

During the first trial many of the government's principal witnesses were effectively impeached based upon extensive

investigative and preparatory efforts by defense counsel.  Trial preparation in this case is unusually difficult for both the government and the defense due to difficulties associated with traveling to Rwanda, diplomatic issues, cultural differences, language barriers, and complexities associated with arranging Rwandan witness travel to this country.  Given the number of new prosecution witnesses, defense counsel reasonably think it critical that they investigate the new witnesses' backgrounds, potential biases, possible cultural and political influences, and whether the witnesses have made statements in the past that might be inconsistent with testimony they propose to offer in this court.  That takes time, effort, and money, but counsel have little choice given the government's determination to present what is essentially a new cast during the retrial.

The court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A) and (B), in that failure to grant a continuance would unreasonably deny defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence under the circumstances.

Defendant's motion to continue the trial (document no. 168), filed on August 3, 2012, is granted.

Trial will begin with jury selection at **9:30 a.m. on Monday, February 4, 2013**. A final pretrial conference has been set for **January 22, 2013, at 10:00 a.m.**

Continuances beyond this trial date will be granted only for good cause shown (a generalized "need for more time" beyond that allowed in this order will not suffice). Motions to continue shall be filed not later than **November 30, 2012**.

Evidence will commence thereafter. The parties estimate that trial will require four (4) weeks. In order to keep counsel informed as to their status on the trial list, counsel are directed to contact the clerk's office, courtroom deputy in charge, for further updates on the case.

The government shall be entitled to six (6) peremptory challenges. Defendant shall be entitled to ten (10) peremptory challenges. As we will be seating four alternates, each side will be allotted two (2) additional peremptory challenges of alternate jurors.

The parties shall disclose expert witness identities and reports on or before **December 20, 2012**. Challenges to experts will be entertained prior to the commencement of trial.

Requests for jury instructions should be submitted in duplicate on or before **February 4, 2013**.  Additions and/or amendments thereto will be considered if submitted before the close of trial.  Requests shall be submitted in a logical sequence, shall be non-argumentative, and shall set forth an accurate statement of the law as it applies to the case.  Counsel need not submit "boilerplate" instructions.

The court anticipates providing counsel with a draft charge in sufficient time to meaningfully review the jury instructions and make suggestions prior to the close of trial.

Requests for special voir dire questions may be submitted no later than **8:30 a.m. on February 4, 2013** (<u>in</u> <u>chambers</u>).  Limited individual voir dire by counsel will be permitted.

Exhibits are to be premarked and submitted, together with any objections, to the clerk's office on or before **January 25, 2013**.  Exhibits shall otherwise be handled in accordance with the document entitled "Procedure for Marking Exhibits."

All motions in limine shall be filed on or before **January 11, 2013**; responses to said motions shall be filed on or before **January 25, 2013**.

The government has produced all required discovery and made appropriate disclosure (open file discovery).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 29, 2012

cc: David W. Ruoff, Esq.
Mark E. Howard, Esq.
Aloke S. Chakravarty, AUSA
John A. Capin, AUSA
U.S. Probation
U.S. Marshal